UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HERNANDEZ,

                         Plaintiff,

              -against-

DEPARTMENT OF CORRECTIONS NYC;
NEW YORK CITY, ET AL & D.O.C.'S
EMPLOYEES DEPUTY WARDENS COOK
HAMILTON; UNKNOWN MAILROOM
OFFICERS & ETC ET AL; WARDENS
CARTER + RIVERA,

                         Defendants.

1:24-CV-7888 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff William Hernandez, who currently is incarcerated in the Attica Correctional

Facility as a convicted prisoner, brings this action *pro se*, asserting that the defendants violated

his federal constitutional rights.[1] He seeks damages and sues: (1) the New York City Department

of Correction ("DOC"); (2) the City of New York; (3) DOC Deputy Warden Cook; (4) DOC

Deputy Warden Hamilton; (5) unidentified DOC "mailroom officers"; (6) DOC Warden Carter;

and (7) DOC Warden Rivera. The Court understands Plaintiff's complaint as asserting claims for

damages under 42 U.S.C. § 1983 and under state law.

By Order dated October 23, 2024, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the

---

[1] Plaintiff filed his complaint while he was held as a pretrial detainee in the George R.
Vierno Center on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-

2

pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following: Between November 2023 and November 2024, while Plaintiff was held as a pretrial detainee in the George R Vierno Center ("GRVC") on Rikers Island, he received threats, was the victim of violence, his due process rights were violated, his mail was stolen, and evidence that would have exonerated him of the crimes with which he was charged was seized. He asserts that he was threatened by DOC employees because he assisted another prisoner named Andre Antrobus with Antrobus's litigation. Plaintiff alleges that gang members were sent to attack him, a bounty was placed on him, and that, as a result of being attacked by those gang members, he suffered a black eye, "trauma to [his] head," and back pain. (ECF 1, at 4.) He also alleges that he was denied medical attention with respect to his injuries.

Plaintiff asserts that his "motions and writs" that he mailed to what appears to be the New York Supreme Court, Bronx County, were "blocked" and that those submissions were returned to him with "false [United States Postal Service] stickers and envelopes" with "[e]xcuses like [the New York State] Attorney General moved from 120 Broadway[,] [New York, New York,] or 851 Grand Concourse and 265 East 161st [Street, Bronx, New York]" or "Return to sender – insufficient address." (*Id.* at 5.) Affidavits of witnesses, including those of recanting complaining witnesses, were seized from him. Unidentified DOC employees also seized property, "evidence papers [and] videos that would [have] exonerat[e]d [him]." (*Id.*)

**DISCUSSION**

**A.      Claims on behalf of others**

The Court must dismiss all of Plaintiff's claims that he asserts on behalf of individuals who appear to be other prisoners, including Andre Antrobus. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. The Court therefore dismisses without prejudice Plaintiff's claims that he brings on behalf of other prisoners, including Andre Antrobus.

**B.      The DOC and the City of New York**

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Under New York law, agencies of the City of New York cannot be sued in the name of the relevant agency, unless the law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The DOC, which is an agency of the City of New York, does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-27 (describing structure and

powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court treats the claims concerning the DOC as brought against the City of New York, which Plaintiff has also named as a defendant.

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges nothing to suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York, and the Court dismisses such claims for that reason. *See* § 1915(e)(2)(B)(ii). Because Plaintiff is appearing *pro se*, however, the Court grants

him leave to replead his claims in an amended complaint in which he names the City of New

York as a defendant and alleges facts sufficient to state a claim under Section 1983 against the

City of New York.

**C.    Personal involvement of the individual defendants**

The Court must also dismiss Plaintiff's claims under Section 1983 against the individual

defendants. To state such a claim, a plaintiff must allege facts showing each individual

defendant's direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983." (internal quotation marks and citation

omitted)). A defendant may not be held liable under Section 1983 solely because that defendant

employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676

("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable

under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege how any of the named individual defendants were personally and

directly involved in any of the alleged violations of his federal constitutional rights. The Court

therefore dismisses Plaintiff's claims under Section 1983 against the individual defendants for

failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of

Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims against the

individual defendants, or against other individual DOC employees, in an amended complaint in

which he names those individuals as defendants and alleges facts showing each of those

individuals' direct and personal involvement in the alleged violations of his federal constitutional rights.

## D.    Denial of medical treatment

The Court must also dismiss Plaintiff's claims under Section 1983 that DOC officials denied him medical care, in violation of his federal constitutional rights. A prisoner asserting such a claim must allege facts showing that officials were deliberately indifferent to his serious medical needs.[3] *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 32-35 (2d Cir. 2017). Deliberate indifference in the context of a claim of denial of adequate medical care is evaluated under a two-pronged test comprised of both objective and "mental element" components.  *See Darnell*, 849 F.3d at 30-33. The objective component of this standard requires that the alleged medical need be a sufficiently serious condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" (citations omitted)). The relevant inquiry is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316

---

[3] Such a claim brought by a pretrial detainee arises under the Due Process Clause of the Fourteenth Amendment; such a claim brought by a convicted prisoner arises under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). Because Plaintiff alleges that the events that are the bases for these claims occurred while he was a pretrial detainee, it would appear that these claims arise under the Due Process Clause of the Fourteenth Amendment.

F.3d 178, 186 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-03). A pretrial detainee must show that a:

> defendant-official acted intentionally to . . . [deny adequate medical treatment], or recklessly failed to act with reasonable care to mitigate the risk that the . . . [denial] posed to the pretrial detainee even though the defendant-official knew, or should have known, that . . . [such denial] posed an excessive risk to health or safety.

*Darnell*, 849 F.3d at 35. Allegations asserting malpractice or the negligent failure to provide care do not state a constitutional claim. *See Estelle*, 429 U.S. at 106; *Darnell*, 849 F.3d at 36.

Plaintiff does not allege facts showing that any of the named individual defendants or, for that matter, any other DOC employee, was deliberately indifferent to his serious medical needs. Plaintiff seems to allege that he was injured due to being attacked by gang-member prisoners. The Court will assume, for the purpose of this Order, that such injuries were sufficiently serious to satisfy the abovementioned objective component. Plaintiff does not, however, show that any of the named individual defendants or, for that matter, any other DOC employee, knew or should have known that denying him medical care for any the injuries he sustained as a result of being attacked posed an excessive risk to his health or safety. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state such a claim against at least one individual GRVC staff member or other DOC staff member named as a defendant in the amended complaint.

**E.    Claims involving Plaintiff's mail and evidence**

The Court liberally construes Plaintiff's allegations as asserting that members of the GRVC staff or other DOC staff interfered with his mail, including his legal mail, and seized his "evidence"; such allegations assert both an access-to-the-courts claim and a general mail-tampering claim under Section 1983. These types of claims are grounded in a prisoner's First

Amendment rights to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351.

### 1.    Access to the courts

Prisoners have a "constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds,* 430 U.S. at 828 (internal quotation marks omitted)). Assistance from prison authorities, however, is "only [a] means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," and not a freestanding entitlement in and of itself. *Casey,* 518 U.S. at 351 (internal quotation marks and citation omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that: "the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis*, 320 F.3d at 351 (alteration in original) (internal quotation marks and citation omitted); *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must show actual injury with regard to his legal claim, *Casey*, 518 U.S. at 348 (internal quotation

marks and citation omitted), specifically: (1) a valid underlying cause of action separate from the

right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's

actions, *see Harbury*, 536 U.S. at 415. When a prisoner with appointed counsel claims that

prison officials hindered his efforts to defend himself or pursue other legal claims, "he must

show that, on the facts of his case, the provision of counsel did not furnish him with the

capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff seems to allege that his criminal defense or his efforts to seek state-law

*habeas corpus* relief, or both, were hindered as a result of interference by members of the GRVC

staff or other DOC staff. Plaintiff does not allege, however, any facts suggesting that he was

pursuing a "'nonfrivolous,' 'arguable' underlying claim," which had been hampered as a result of

the abovementioned individuals "blocking" his mail or seizing his "evidence." *See Harbury*, 536

U.S. at 415. Furthermore, to the extent that Plaintiff was represented by counsel in his criminal

proceedings or in any postconviction matter, he does not allege facts showing why his counsel

was unable to assert his legal claims on his behalf. *See Bourdon*, 386 F.3d at 98. Because

Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he

does not explain why his attorney could not press his argument for exoneration in his criminal

matter or postconviction proceedings, he fails to state a viable access-to-the-courts claim under

the First Amendment, and the Court dismisses these claims for that reason. *See*

§ 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his access-to-the-courts claims in an amended

complaint in which he names as defendants the individual GRVC staff members or other DOC

staff members whom he alleges violated his rights, and alleges additional facts to state a claim

against those individuals under Section 1983 with respect to the denial of his right to access to

the courts under the First Amendment. For such a claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he was not represented by counsel.

### 2.    Mail tampering

To state a claim based on general mail tampering under the First Amendment, a prisoner must allege that the incidents of mail tampering: "(1) . . . suggest[] an ongoing practice of censorship unjustified by a substantial government interest, or (2) . . . [have] unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* As few as two incidents of mail tampering, however, may constitute a First Amendment violation if they are indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id*.; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that members of the GRVC staff or other DOC staff interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He asserts that GRVC staff members or other DOC staff members "blocked" his mail or that it was returned to him because of incorrect mailing addresses, but his allegations do not suggest that those actions demonstrated unjustified government censorship or tampering, or chilled his access to the courts or his legal representation. Without more detail, Plaintiff's allegations do not suggest that members of the GRVC staff or other DOC staff subjected him to regular and unjustifiable interference with his mail. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead these claims in an amended complaint naming as defendants the individual members of the GRVC staff or other DOC employees whom he

alleges violated his rights, and alleging additional facts sufficient to state a claim under Section

1983 of mail tampering against such defendants. In support of such a claim, he must allege facts

indicating that the individual defendants named in the amended complaint subjected him to

regular and unjustifiable interference with his mail. Plaintiff must specify how many times his

mail was "blocked" by GRVC personnel or other DOC personnel, and the manner in which it

was "blocked" (as to incoming and outgoing mail), and provide all the dates when this happened.

### F.    Claims of retaliation

In his complaint, Plaintiff suggests that members of the GRVC staff or other DOC staff

violated his rights in retaliation for his providing assistance to Antrobus. Plaintiff's allegations

could be read as an attempt to assert a First Amendment retaliation claim. To state such a claim,

a prisoner must allege: "(1) that the speech or conduct at issue was protected, (2) that the

defendant took adverse action against the [prisoner], and (3) that there was a causal connection

between the protected . . . [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215,

225 (2d Cir. 2014) (second alteration in original) (internal quotation marks and citation omitted).

An adverse action is any "retaliatory conduct that would deter a similarly situated individual of

ordinary firmness from exercising his or her constitutional rights." *Davis*, 320 F.3d at 353

(internal quotation marks and citation omitted). "In order to satisfy the causation requirement,

allegations must be sufficient to support the inference that the speech [or conduct] played a

substantial part in the adverse action." *Id.* at 354 (internal quotation marks and citation omitted).

For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing

that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119,

129 (2d Cir. 2009).

Nevertheless, "because virtually any adverse action taken against a prisoner by a prison

official—even those otherwise not rising to the level of a constitutional violation—can be

characterized as a constitutionally proscribed retaliatory act," the United States Court of Appeals

for the Second Circuit has instructed that federal district courts must "approach prisoner

retaliation claims with skepticism and particular care." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d

Cir. 2015) (internal quotation marks and citation omitted); *see also Graham v. Henderson*, 89

F.3d 75, 79 (2d Cir. 1996) ("Retaliation claims by prisoners are prone to abuse since prisoners

can claim retaliation for every decision they dislike." (internal quotation marks and citation

omitted)). Accordingly, First Amendment retaliation claims must be "supported by specific and

detailed factual allegations," and may not be stated "in wholly conclusory terms." *Dolan*, 794

F.3d at 295 (internal quotation marks and citation omitted).

       Here, Plaintiff does not provide sufficient facts to suggest a viable claim for retaliation. It

is unclear from Plaintiff's complaint that, in providing his alleged assistance to Antrobus with

unspecified activity (*see* ECF 1, at 4), Plaintiff engaged in any activity that was protected under

the First Amendment. More importantly, other than recounting threats by GRVC staff members

or other DOC staff members that he would "regret" assisting Antrobus (*see id.*), Plaintiff does

not allege facts suggesting a causal connection between his assisting conduct and the alleged

adverse actions taken against him, *see Espinal,* 558 F.3d at 129. He also does not allege which

members of the GRVC staff or other DOC staff allegedly retaliated against him. Plaintiff thus

fails to state a viable claim under Section 1983 of First Amendment retaliation, and the Court

dismisses these claims for that reason. *See* § 1915(e)(2)(B)(ii).

       The Court also grants Plaintiff leave to replead these claims in an amended complaint in

which he alleges facts sufficient to state a claim of retaliation under Section 1983. Specifically,

he must allege facts showing that he engaged in protected conduct under the First Amendment

and that there was a causal connection between his protected activity and any adverse action. In

his amended complaint, Plaintiff should also provide facts explaining the nature of the alleged

assistance that he provided to Antrobus, including the dates of his assistive conduct, how his

assisting Antrobus led to the alleged violations of his rights, and, most importantly, who

retaliated against him.

## G.    Claims of conspiracy

The Court understands Plaintiff's complaint as asserting claims of conspiracy under

Section 1983 arising from an alleged conspiracy by members of the GRVC staff or other DOC

staff with other prisoners to assault Plaintiff. The complaint, however, does not allege facts

sufficient to state a claim of conspiracy under that statute. To state such a claim, a plaintiff must

show "(1) an agreement between two or more state actors or between a state actor and a private

entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in

furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.

1999). Vague and unsupported assertions of a conspiracy will not suffice to state a claim on

which relief can be granted. *See, e.g., Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293,

296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009)

(summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912

F.2d 52, 56 (2d Cir. 1990).

Plaintiff's allegations about a conspiracy are conclusory, vague, and lack detail. Plaintiff

seems to allege, without factual support, that GRVC staff members or other DOC staff members

conspired with other prisoners to assault Plaintiff. Such allegations, without more factual

support, fail to state a claim of conspiracy under Section 1983. The Court therefore dismisses

these claims for that reason. *See* § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead

such claims in an amended complaint in which he alleges facts sufficient to state such a claim; he

must name as defendants those individuals who allegedly conspired against him (GRVC officials

or other DOC officials and prisoners) and allege specific facts showing how those defendants conspired with each other to violate his federal constitutional rights.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim or claims under Section 1983, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order. The effect of that judgment will be: (1) the dismissal of Plaintiff's claims brought on behalf of others, including Andre Antrobus, without prejudice; (2) the dismissal of Plaintiff's own claims under federal law, including his claims under Section 1983, for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); and (3) the Court's declination of consideration of Plaintiff's claims under state law, under its supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this Order. The Court, however, gives Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    November 3, 2025
          New York, New York

                                                      /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                 Chief United States District Judge